TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
Assistant United States Attorney
Chief, International Narcotics,
  Money Laundering & Racketeering Section
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorney
International Narcotics, Money Laundering & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5339/6875
     Facsimile: (213) 894-0142
     E-mail:   shawn.nelson@usdoj.gov
               lindsay.bailey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-113-GW-14 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ERNESTO ANAYA |
| v. | |
| ERNESTO ANAYA, | |
| Defendant. | |

     1.   This constitutes the plea agreement between ERNESTO ANAYA

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") in the above-captioned case.

This agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authority.

///

///

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Rigoberto Sanchez Martinez, et al.</u>, CR No. 21-113-GW, which charges defendant with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute.  Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

2

1           i.   Defendant consents under Section 15002(b) of the
2   CARES Act to proceed with his change of plea hearing by VTC or
3   telephone, if VTC is not reasonably available.

4           ii.   Defendant consents under Section 15002(b) of the
5   CARES Act to proceed with his sentencing hearing by VTC or telephone,
6   if VTC is not reasonably available.

7           iii. Defendant consents under 18 U.S.C. § 3148 and
8   Section 15002(b) of the CARES Act to proceed with any hearing
9   regarding alleged violations of the conditions of pretrial release by
10  VTC or telephone, if VTC is not reasonably available.

11      f.   Not commit any crime or any act constituting
12  obstruction of justice; however, offenses that would be excluded for
13  sentencing purposes under United States Sentencing Guidelines
14  ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the
15  scope of this agreement.

16      g.   Be truthful at all times with the United States
17  Probation and Pretrial Services Office and the Court.

18      h.   Pay the applicable special assessment at or before the
19  time of sentencing unless defendant has demonstrated a lack of
20  ability to pay such assessments.

21  <u>THE USAO'S OBLIGATIONS</u>

22    3.   The USAO agrees to:

23      a.   Not contest facts agreed to in this agreement.

24      b.   Abide by all agreements regarding sentencing contained
25  in this agreement.

26      c.   At the time of sentencing, provided that defendant
27  demonstrates an acceptance of responsibility for the offense up to
28  and including the time of sentencing, recommend a two-level reduction

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 25 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A), the following must be true:

First, there was an agreement between two or more persons to distribute controlled substances; and

4

1   Second, defendant joined in the agreement knowing of

2   its purpose and intending to help accomplish it.

3       5.   Defendant understands that for defendant to be subject to

4   the statutory maximum and statutory minimum sentence set forth below,

5   the government must prove beyond a reasonable doubt that defendant

6   conspired to distribute and possess with intent to distribute at

7   least fifty grams of methamphetamine, as alleged in count one of the

8   indictment.  Defendant admits that defendant, in fact, conspired to

9   distribute and possess with intent to distribute at least fifty grams

10  of methamphetamine, as described in count one of the indictment.

11                              PENALTIES

12      6.   Defendant understands that the statutory maximum sentence

13  that the Court can impose for a violation of Title 21, United States

14  Code, Sections 846, 841(a)(1), (b)(1)(A), is: a lifetime term of

15  imprisonment; a lifetime term of supervised release; a fine of

16  $10,000,000 or twice the gross gain or gross loss resulting from the

17  offense, whichever is greatest; and a mandatory special assessment of

18  $100.

19      7.   Defendant understands that the statutory mandatory minimum

20  sentence that the court must impose for a violation of Title 21,

21  United States Code, Sections 846, 841(a)(1), (b)(1)(A) is: ten years'

22  imprisonment followed by a five-year term of supervised release and a

23  mandatory special assessment of $100.

24      8.   Defendant understands that supervised release is a period

25  of time following imprisonment during which defendant will be subject

26  to various restrictions and requirements.  Defendant understands that

27  if defendant violates one or more of the conditions of any supervised

28  release imposed, defendant may be returned to prison for all or part

                                5

of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that

defendant can raise in immigration proceedings to avoid or delay

removal, removal is presumptively mandatory and a virtual certainty

in this case.  Defendant further understands that removal and

immigration consequences are the subject of a separate proceeding and

that no one, including his attorney or the Court, can predict to an

absolute certainty the effect of his conviction on his immigration

status.  Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his plea may entail,

even if the consequence is automatic removal from the United States.

FACTUAL BASIS

12.  Defendant admits that defendant is, in fact, guilty of the

offense to which defendant is agreeing to plead guilty.  Defendant

and the USAO agree to the statement of facts provided below and agree

that this statement of facts is sufficient to support a plea of

guilty to the charge described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 14 below but is

not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that

relate to that conduct.

Prior to September 30, 2018, there was an agreement between two

or more persons to distribute at least fifty grams of

methamphetamine.  On or before September 30, defendant joined in the

agreement knowing of its purpose and intending to help accomplish

that purpose.

In furtherance of that agreement, defendant took various overt

acts, including the following:

Prior to September 30, 2018, defendant would aid the conspiracy

by storing drugs and drug proceeds at his residence, located within

the Central District of California, on behalf of a co-conspirator (co-conspirator #1). Accordingly, defendant admits that it was reasonably foreseeable to him that he and his co-conspirators would distribute, and did, in fact, possess with intent to distribute, well in excess of 4.5 kilograms of actual methamphetamine over the course of defendant's involvement in the conspiracy.

Prior to September 30, 2018, defendant agreed to store drugs at his residence on behalf of co-conspirator #1. On September 30, 2018, co-conspirator #1 used coded language to inform defendant that he was going to pick up the drugs from defendant's residence, and defendant agreed to prepare them for co-conspirator #1's arrival.

Later on September 30, 2018, defendant agreed to meet a drug courier on behalf of co-conspirator #1 in front of a KFC restaurant for the purpose of engaging in a narcotics exchange. After defendant finished, defendant spoke to co-conspirator #1 and confirmed that he had completed the narcotics exchange.

<u>SENTENCING FACTORS</u>

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                34        U.S.S.G. § 2D1.1(a)(5),
                                                        (c)(1)

Minor Role                         -2        U.S.S.G. § 3B1.2(b)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15. Defendant and the USAO agree that:

a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in count one;

b.   The offense charged in count one did not result in death or serious bodily injury to any person; and

c.   Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count one and was not engaged in a continuing criminal enterprise.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

1   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
2   (a)(2), (a)(3), (a)(6), and (a)(7).

3                    WAIVER OF CONSTITUTIONAL RIGHTS

4       18.  Defendant understands that by pleading guilty, defendant
5   gives up the following rights:

6           a.   The right to persist in a plea of not guilty.

7           b.   The right to a speedy and public trial by jury.

8           c.   The right to be represented by counsel -- and if
9   necessary have the Court appoint counsel -- at trial.  Defendant
10  understands, however, that, defendant retains the right to be
11  represented by counsel -- and if necessary have the Court appoint
12  counsel -- at every other stage of the proceeding.

13          d.   The right to be presumed innocent and to have the
14  burden of proof placed on the government to prove defendant guilty
15  beyond a reasonable doubt.

16          e.   The right to confront and cross-examine witnesses
17  against defendant.

18          f.   The right to testify and to present evidence in
19  opposition to the charges, including the right to compel the
20  attendance of witnesses to testify.

21          g.   The right not to be compelled to testify, and, if
22  defendant chose not to testify or present evidence, to have that
23  choice not be used against defendant.

24          h.   Any and all rights to pursue any affirmative defenses,
25  Fourth Amendment or Fifth Amendment claims, and other pretrial
26  motions that have been filed or could be filed.

27

28

1

<u>WAIVER OF APPEAL OF CONVICTION</u>

2        19.  Defendant understands that, with the exception of an appeal
3   based on a claim that defendant's guilty plea was involuntary, by
4   pleading guilty defendant is waiving and giving up any right to
5   appeal defendant's conviction on the offense to which defendant is
6   pleading guilty.  Defendant understands that this waiver includes,
7   but is not limited to, arguments that the statute to which defendant
8   is pleading guilty is unconstitutional, and any and all claims that
9   the statement of facts provided herein is insufficient to support
10  defendant's plea of guilty.

11              <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

12       20.  Defendant gives up the right to appeal all of the
13  following: (a) the procedures and calculations used to determine and
14  impose any portion of the sentence; (b) the term of imprisonment
15  imposed by the Court provided it is no more than the high-end of the
16  Sentencing Guidelines range calculated by the Court; (c) the fine
17  imposed by the Court, provided it is within the statutory maximum;
18  (d) to the extent permitted by law, the constitutionality or legality
19  of defendant's sentence, provided it is within the statutory maximum;
20  (e) the term of probation or supervised release imposed by the Court,
21  provided it is within the statutory maximum; and (f) any of the
22  following conditions of probation or supervised release imposed by
23  the Court: the conditions set forth in Second Amended General Order
24  20-04 of this Court; the drug testing conditions mandated by 18
25  U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
26  conditions authorized by 18 U.S.C. § 3563(b)(7).

27       21.  Defendant also gives up any right to bring a postconviction
28  collateral attack on the conviction or sentence, except a post-

conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

22.   The USAO agrees that, provided all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits

13

1   both the USAO and defendant to submit full and complete factual

2   information to the United States Probation and Pretrial Services

3   Office and the Court, even if that factual information may be viewed

4   as inconsistent with the facts agreed to in this agreement, this

5   paragraph does not affect defendant's and the USAO's obligations not

6   to contest the facts agreed to in this agreement.

7       28.   Defendant understands that even if the Court ignores any

8   sentencing recommendation, finds facts or reaches conclusions

9   different from those agreed to, and/or imposes any sentence up to the

10  maximum established by statute, defendant cannot, for that reason,

11  withdraw defendant's guilty plea, and defendant will remain bound to

12  fulfill all defendant's obligations under this agreement.  Defendant

13  understands that no one -- not the prosecutor, defendant's attorney,

14  or the Court -- can make a binding prediction or promise regarding

15  the sentence defendant will receive, except that it will be between

16  the statutory mandatory minimum and the statutory maximum.

17                 NO ADDITIONAL AGREEMENTS

18       29.   Defendant understands that, except as set forth herein,

19  there are no promises, understandings, or agreements between the USAO

20  and defendant or defendant's attorney, and that no additional

21  promise, understanding, or agreement may be entered into unless in a

22  writing signed by all parties or on the record in court.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          30.  The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    Acting United States Attorney

9

10  *Lindsay M. Bailey*                              June 7, 2021
    SHAWN J. NELSON                                  Date
11  LINDSAY M. BAILEY
    Assistant United States Attorney

12  *Ernesto Anaya*                                       5/3/21
13  ERNESTO ANAYA                                    Date
    Defendant

14                                                        5/3/21

15  JOHN PASSANANTE                                  Date
    Attorney for Defendant
16  ERNESTO ANAYA

17

18  ///

19  ///

20  ///

21

22

23

24

25

26

27

28

                              15

1                        CERTIFICATION OF DEFENDANT

2          I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charge and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19   _____          ___5/3/21_____

20   ERNESTO ANAYA                             Date
     Defendant

21

22   ///

23   ///

24   ///

25

26

27

28

                                   16

1

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2     I am ERNESTO ANAYA's attorney.  I have carefully and thoroughly

3 discussed every part of this agreement with my client.  Further, I

4 have fully advised my client of his rights, of possible pretrial

5 motions that might be filed, of possible defenses that might be

6 asserted either prior to or at trial, of the sentencing factors set

7 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is informed and voluntary; and the factual basis set forth

14 in this agreement is sufficient to support my client's entry of a

15 guilty plea pursuant to this agreement.

16

17 JOHN PASSANANTE                 Date   5/3/21
         Attorney for Defendant
18 ERNESTO ANAYA

19

20

21

22

23

24

25

26

27

28